UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:15-CR-107
)
KATHY EVON FAWBUSH )

## MEMORANDUM AND ORDER

The defendant pled guilty to a methamphetamine distribution offense and will be sentenced on August 3, 2017. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 210], to which the defendant filed two objections. For the reasons that follow, those objections will be overruled.

I.

*Objection One*

The defendant first objects to the PSR's finding that she is a career offender under United States Sentencing Guideline ("U.S.S.G.") 4B1.1. A person is deemed a career offender if, in material part, she "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2016). In the present case, the defendant's career offender designation raises her criminal history category from III to VI. Further, her advisory guideline range, which would otherwise be 262 to 327 months, increases to 360 months to life.

The defendant's career offender classification is based on state court convictions for delivery of a Schedule II controlled substance (PSR ¶ 42) and attempted initiation of

process to manufacture methamphetamine (PSR ¶ 43). The defendant argues that the second of these prior convictions involved no "more than merely preparing to commit a crime" and therefore does not satisfy the guideline's definition of a "controlled substance offense."

This objection is moot. In addition to being deemed a career offender under the guidelines, the defendant is subject to a statutorily-mandated sentence of life. It is that mandatory life sentence which controls in this case, rather than the lower advisory guideline range. While the United States has filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e), "the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002) (emphasis added). The defendant's career offender designation, which generates an advisory sentencing range lower than what is mandate by statute, is therefore a moot point.

In any event, the PSR properly counts the attempted initiation of process conviction as a career offender predicate. The defendant was convicted of attempting to violate Tennessee Code § 39-17-435, which makes it an offense to "knowingly initiate a process intended to result in the manufacture of any amount of methamphetamine." Tenn. Code. Ann. § 39-17-435(a). "'[I]nitiates' means to begin the extraction of an immediate methamphetamine precursor from a commercial product, to begin the active modification of a commercial product for use in methamphetamine creation, or to heat or combine any substance or substances that can be used in methamphetamine creation." Tenn. Code Ann. § 39-17-435(c).

In material part, for purposes of the career offender guideline, "[t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture . . . of a controlled substance . . . ." U.S.S.G. § 4B1.2(b). The present defendant does not dispute that attempted initiation is punishable under Tennessee law by a term exceeding one year (she received a three-year jail sentence), nor does she argue that methamphetamine is not a controlled substance. Instead, she contends that her conviction was for no "more than merely preparing to commit a crime."

The definition of "controlled substance offense" applicable to the career offender guideline includes "attempting to commit such offenses." *Id.* cmt. n.1. By its plain terms as noted above, T.C.A. § 39-17-435 criminalizes only the commencement of the methamphetamine manufacture process, and the defendant was convicted of attempting to violate that statute. As such, her prior conviction is for attempted methamphetamine manufacture and is a career offender predicate. Were the defendant's first objection not moot, it would therefore be overruled on its merits.

II.

*Objection Two*

By her second objection, the defendant argues that she should receive a downward departure or variance because her PSR overstates her criminal history. The court cannot depart or vary below a mandatory minimum sentence except for reasons relating to 18 U.S.C. § 3553(e), so the defendant's second objection must be overruled. *See United States v. Williams*, 687 F.3d 283, 286 (6th Cir. 2012).

3

## III.

*Conclusion*

For the reasons provided herein, the defendant's objections to her PSR are **OVERRULED**. Sentencing remains set for August 3, 2017, at 1:15 p.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge