UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KATHY EVON FAWBUSH, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:17-CV-209; 2:15-CR-107 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Kathy Evon Fawbush has filed a *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. [Doc. 1].[1] The United States has responded in opposition to the motion [doc. 3], and Petitioner has not replied. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is without merit and, thus, will deny and dismiss the motion with prejudice.

---

[1] All docket references are to Case No. 2:17-CV-209 unless otherwise noted.

I.

*Background*

Petitioner and 12 co-defendants were charged in a 50-count superseding indictment. [Case No. 2:15-CR-107, doc. 40]. Petitioner was named in eight of those counts.

In March 2016, Petitioner entered into a plea agreement with the government. [*Id.*, docs. 150-151]. She agreed to plead guilty to Count Two, a conspiracy to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine in violation of sections 841(a)(1), 841(b)(1)(A), and 846 of Title 21, United States Code.

Prior to Petitioner's change of plea hearing, the United States filed a notice of intent to seek increased punishment, pursuant to 21 U.S.C. § 851, due to Petitioner's three prior felony drug convictions. [Case No. 2:15-CR-107, doc. 142]. The plea agreement (signed by Petitioner) stated the applicable mandatory minimum sentence—life imprisonment—"[b]ecause of the defendant's prior felony drug convictions." [*Id.*, doc. 150, p. 1].

In her plea agreement, Petitioner acknowledged that she conspired to distribute and possess with the intent to distribute at least 1.5 but less than 4.5 kilograms of actual methamphetamine during an 18-month period commencing in April 2014. [*Id.* p. 2]. The plea agreement further makes clear that Petitioner: dealt in large quantities of methamphetamine from her home; was a close associate of the lead defendant in the conspiracy case; and knew that the methamphetamine came from Mexico. [*Id.*, p. 3-4]. Additionally, the plea agreement contains Petitioner's waiver of most of her appellate rights, along with a waiver of the right to file any motions or pleadings pursuant to § 2255

except as to "(i) prosecutorial misconduct not known to the defendant by the time of the entry of judgment and (ii) ineffective assistance of counsel." [*Id.*, p. 12].

On April 21, 2016, the Court conducted a change of plea hearing. At that hearing, the Court confirmed that Petitioner understood the charge to which she was pleading guilty, including the mandatory lifetime term of imprisonment required by her prior felony drug convictions. The Court also confirmed Petitioner's understanding of the waiver of most of her appellate and § 2255 rights.

The probation office subsequently disclosed its Presentence Investigation Report ("PSR") which deemed Petitioner a career offender pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 due to two prior controlled substance convictions. [Case No. 2:15-CR-107, doc. 210]. Alternatively, the PSR increased Petitioner's offense level by two for maintaining a premises for the purpose of distributing a controlled substance (U.S.S.G. § 2D1.1(b)(12)), and by another two levels because the offense involved methamphetamine which Petitioner knew had been imported unlawfully (U.S.S.G. § 2D1.1(b)(5)(A)). Ultimately, those guideline increases were of no import because Petitioner's statutorily mandated life sentence exceeded any alternate calculation of her guideline range. *See* U.S.S.G. § 5G1.1(b). In other words, Petitioner's guideline range was life.[2]

---

[2] Defense counsel nonetheless objected to the career offender designation. [Case No. 2:15-CR-107, doc. 223]. That objection was overruled. [*Id.*, doc. 469].

The Court held Petitioner's sentencing hearing on August 3, 2017, and imposed a sentence of 210 months' imprisonment. That below-guideline (and below mandatory minimum) sentence was the product of the United States' five-level motion for downward departure.

Petitioner did not file a direct appeal of her sentence or conviction. Instead, she submitted this timely *pro se* § 2255 motion to vacate on November 13, 2017.

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating its allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

When a § 2255 movant claims she was denied her Sixth Amendment right to effective assistance of counsel, a court must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). To meet that burden, a petitioner must prove that specific acts or omissions by her attorney were deficient and that the attorney failed to provide "reasonably effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell,* 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance. *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood

5

of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). The prejudice test is modified in the context of a guilty plea—a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted). "Surmounting *Strickland*'s high bar is never an easy task . . . and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

III.

*Discussion*

Appended to Petitioner's form § 2255 motion is a memorandum of law in support. [Doc. 1]. At times, the memorandum is indeed what it purports to be—facts and law in support of the claims articulated in the form § 2255 motion. At other points, the memorandum presents new claims. In deference to Petitioner's *pro se* status, the Court has

construed Petitioner's form motion and her memorandum collectively as the § 2255 motion of record in this case. The Court will now address in turn the claims presented in those two associated documents.

### A. Unconstitutional and Extreme Sentence

"Beyond the ineffective assistance of counsel," Petitioner argues that her 210-month prison sentence is so excessive as to be in violation of the Eighth and Fifth Amendments. [Memorandum, p. 4, 9-12].

As noted earlier, at paragraph 11(b) of the plea agreement, Petitioner waived her right to file a motion to vacate, except as to claims of ineffective assistance and certain prosecutorial misconduct. It is well recognized that a party may waive a provision intended for her benefit in a contract or statute. *See, e.g., Shutte v. Thompson*, 82 U.S. 151, 151-52 (1872). Even fundamental constitutional rights may be waived, and the waiver is enforceable if it is made knowingly and voluntarily. "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Therefore, if Petitioner understood the terms of the plea agreement and made the waiver of her right to file a § 2255 motion voluntarily and knowingly, the waiver is valid and enforceable.

Here, there is little doubt that Petitioner knowingly and voluntarily entered into the waiver provision in her plea agreement. Although no transcript of the Court's change of plea hearing is in the record, this Court recalls that it verified, in testimony under oath by Petitioner, that she had read the plea agreement or that the plea agreement had been read

7

to her, and that she had discussed the plea agreement with counsel and understood all its provisions including the appellate and § 2255 waivers. Thus, Petitioner's claim that her sentence violates the Eighth and Fifth Amendments is barred by the waiver provision.

Even if that were not the case, the Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (affirming a sentence of life imprisonment for a first-time offender who possessed 672 grams of cocaine) (citations omitted); *see also United States v. Flowal*, 163 F.3d 956, 963 (6th Cir. 1998) (rejecting Eighth Amendment challenge to a life sentence mandated by 21 U.S.C. § 841(b)(1)(A) for defendant with two prior felony drug convictions). Petitioner's 210-month sentence for her involvement in the distribution of large quantities of methamphetamine falls far short of the punishments imposed in *Harmelin* and *Flowal*.[3]

For all these reasons, Petitioner's Eighth and Fifth Amendment claims will be denied.

---

[3] As to the Fifth Amendment, Petioner's claim is wholly unsupported by facts or legal authority and would be denied for that reason. *See, e.g., Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

B. Ineffective Assistance of Counsel

Petitioner ties her remaining claims to the purportedly ineffective performance of her attorney.

1. Plea

"A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). As noted, in the guilty-plea context, the Supreme Court employs the same two-part standard for ineffectiveness that was developed in *Strickland*. *See Hill v. Lockhart*, 474 U.S. 52, 58-59985). That is, a petitioner must demonstrate that (1) her attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced her.

The instant Petitioner offers several criticisms of her attorney's performance at the plea negotiation stage. According to Petitioner, "competent counsel" would have advised that her "chief goal" was to limit her sentencing exposure, most effectively by way of "a plea deal (perhaps coupled with cooperation)." [Memorandum, p. 5]. Further, according to Petitioner, "Competent counsel would have realized, had he done adequate research," that she was facing a maximum ten years' imprisonment. [*Id.*. p. 7]. Petitioner also argues that counsel was ineffective in allowing a "first-time offender" to be sentenced to 210 months' imprisonment. [*Id.*, p. 4]. That is so because, according to Petitioner, "competent counsel would have releaized [sic] and advised Fawbush that her biggest concern needed

9

to be any 841 counts, because conviction on these counts mandated a lengthy prison sentence." [*Id.*, p. 5].[4]

Each of these claims fails at *Strickland's* second step. Petitioner "cannot satisfy the prejudice prong in the absence of any statement that [s]he is actually innocent, or would have gone to trial if [her] attorney's performance had been different." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). She makes neither claim. Petitioner does not allege she is innocent, nor does she claim that she would have decided to proceed to trial but for counsel's allegedly deficient performance.

Moreover, counsel obviously did not fail to advise her of the option of a "plea deal (perhaps coupled with cooperation)." Petitioner entered into and benefitted from that very "deal." [Case No. 2:15-CR-107, docs. 150, 151, 465]. Further, Petitioner's claim that she could only be sentenced to "less than 10 years' imprisonment" is, again, unsupported and nonsensical. And her self portrait of a "first time offender" is wholly belied by the five convictions listed in her PSR.

Petitioner may believe that her counsel was constitutionally ineffective because she now thinks she could have secured a better deal if only her attorney were a better negotiator. However, the law is well-settled that dissatisfaction with a plea deal does not rise to a showing of constitutionally ineffective counsel. *See,* e.g., *Hunter*, 160 F.3d at 1115

---

[4] This final claim (pertaining to 21 U.S.C. § 841) would appear to relate tangentially to Petitioner's belief that "the Government never sentenced her to an offense in violation of any offense or in violation of 21 U.S.C. § 841. Congress has not yet enacted a law that provides that intent plus, act, plus conduct constituted the offense of attempt or conspiracy." [Form Motion, numbered p. 6]. Petitioner's theory regarding § 841 is unsupported and nonsensical. It will not be discussed further.

("[W]hile [petitioner] may later have decided that he could have done better, his dissatisfaction does not rise to a showing of constitutionally ineffective counsel"); *United States v. Parker*, 609 F.3d 891, 895 (7th Cir. 2010) ("[W]hether a petitioner 'could have negotiated a better plea deal is irrelevant in the ineffective assistance context.'") (quoting *Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006)).

Additionally, a criminal defendant has "no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). The government was therefore under no obligation to offer a more lenient plea.

For all these reasons, Petitioner's ineffective assistance claims relating to her plea will be denied.

## 2. Presentence Report

Petitioner's remaining claims of ineffective assistance pertain to her sentencing. Specifically, Petitioner alleges that her attorney failed to raise three meritorious challenges to the PSR.

First, Petitioner claims that counsel should have objected to her career offender designation because the predicate convictions were for conduct related to the instant offense. [Form Motion, numbered p. 5]. Petitioner also faults her attorney for not objecting to the "two point increase on her level of offense." [*Id.*]. Lastly, Petitioner claims that her attorney should have objected to the PSR's omission of the guideline safety valve, U.S.S.C. § 5C1.2. [Memorandum, p. 15-16].

These claims fail at both steps of the *Strickland* analysis. The foundation of each claim is Petitioner's incorrect belief that her guideline range was based on either her career offender designation or her § 841 offense level calculation. True, the PSR computed what Petitioner's guideline range would be as a career offender. Also true, the PSR computed what Petitioner's § 841 offense level would be. However, as noted above, and as Petitioner was advised at paragraph 72 of the PSR, and as Petitioner was advised by the Court at sentencing, her applicable guideline range was based on none of these things. Instead, the guideline range of <u>life</u> was due to her statutorily mandated life sentence. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Petitioner therefore cannot bear her burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Even if counsel had successfully raised all of Petitioner's enumerated objections, the guideline range would still have been life.

Additionally, each of Petitioner's armchair quarterback objections lacks merit. Neither the delivery of Oxycodone in 2008 (PSR ¶ 42) nor the 2009 extraction of methamphetamine precursors for "home cooking" (PSR ¶43) are relevant conduct to her 2014 and 2015 participation in a conspiracy to distribute imported methamphetamine. *See* U.S.S.G. § 1B1.3 (defining relevant conduct). Next, while it is unclear which "two point increase" Petitioner disputes (imported methamphetamine or maintaining a premises), her

plea agreement stipulates facts sufficient to support both. [Case No. 2:15-CR-107, doc. 150, p. 2-6]. Lastly, Petitioner did not qualify for safety valve because she had more than one criminal history point. *See* U.S.S.G. § 5C1.2(a)(1) (2016); 18 U.S.C. § 3553(f)(1) (2016).

Petitioner therefore cannot show that counsel failed to provide "reasonably effective assistance" at sentencing. The omission of futile PSR objections is not constitutionally ineffective performance. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**.

V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge