UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) ) ) 2:15-CR-00107-DCLC-CRW ) |
| v. | ) ) |
| KATHY EVON FAWBUSH, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Kathy Evon Fawbush's Motion to Reduce Sentence [Doc. 605] pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States (the "Government") responded in opposition to Defendant's Motion [Doc. 615]. This matter is now ripe for resolution. For the reasons stated herein, Defendant's Motion [Doc. 605] is **DENIED**.

I. BACKGROUND

On April 21, 2016, Defendant pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) [Docs. 150, 178]. Although, due to her criminal history, Defendant faced a mandatory term of life imprisonment, the Court departed upon motion of the Government and sentenced Defendant to a term of 210 months' imprisonment and a ten-year term of supervised release [Docs. 478, 479]. Defendant has served half of that sentence, 105 months, and her projected release date is July 27, 2029 [Doc. 615-1].

On September 4, 2020, Defendant filed a *pro se* motion requesting compassionate release in light of the COVID-19 pandemic, her age, and her health conditions [Doc. 552]. The Court held, and the Government conceded, that Defendant met her burden of demonstrating

1

extraordinary and compelling reasons for compassionate release based on her various medical conditions [Doc. 560, pg. 4]. Nonetheless, the Court denied Defendant's motion based upon a finding that she failed to show that she would not be a danger if released and upon consideration of the 18 U.S.C. § 3553(a) factors [*Id*. at pgs. 5–9].

Now, approximately three and a half years later, Defendant again seeks compassionate release [Doc. 605]. The Government opposes Defendant's motion and argues that she has failed to show that she meets the requirements for compassionate release [Doc. 615]

## II.     LEGAL STANDARD

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]

Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has

---

[1]    The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant, because she is 68 years old and has only served approximately eight years and nine months in the BOP. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

"exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

The policy statement applicable to compassionate release motions, U.S.S.G. § 1B1.13, describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. The categories are as follows: (1) the defendant's medical circumstances; (2) defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody; (5) "other reasons" similar in gravity as the foregoing reasons; and (6) gross sentence disparity due to retroactive changes in the law. U.S.S.G. § 1B1.13(b).

### III. ANALYSIS

The Government concedes that Defendant satisfied the exhaustion requirement by submitting a request for compassionate release to the warden at FMC Carswell and filing the

instant motion more than thirty days after submission of that request [Doc. 615-2]. However, the Government opposes Defendant's motion and argues that she has not shown that compassionate release would be consistent with the substantive requirements of Section 3582(c)(1)(A) [*Id*.]. Those requirements are addressed in turn.

Defendant cites her rehabilitation efforts, her desire to spend time with her elderly mother, and her various medical conditions as reasons justifying release [Doc. 605]. As an initial matter, Defendant's rehabilitation efforts, without more, do not constitute extraordinary and compelling reasons for compassionate release. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Additionally, Defendant has failed to show that her family circumstances constitute an extraordinary and compelling reason for compassionate release. Although she states that she is her mother's only living child and that her mother's mental health has declined over the past year, she has failed to show that her mother is incapacitated or that she would be the only caregiver for her. *See* U.S.S.G. § 1B1.13(b)(3).

Defendant, however, has several of the same health issues as she did in 2020 when she previously moved for compassionate release [Doc. 560, pg. 4] ("BOP medical documentation submitted by the United States shows diagnoses of COPD, type 2 diabetes, obesity, high cholesterol, heart failure, supplemental oxygen dependence, hepatitis C, and partial wheelchair usage."). The Court previously found, and the Government conceded, that Defendant's documented diagnoses of diabetes, heart failure, COPD, and obesity constituted extraordinary and compelling reasons for compassionate release [*Id*.]. Considering those health conditions have not improved, the Court finds that Defendant has met her burden to demonstrate extraordinary and compelling reasons and that any reduction would be consistent with the applicable Sentencing Commission policy statements contained in U.S.S.G. § 1B1.13, as amended.

However, the Court must also consider the applicable Section 3553(a) factors. Defendant's criminal history demonstrates an escalation in her involvement with drugs from the time she was thirty-six years old. Her prior convictions include possession of marijuana in 1992, delivery of Schedule II controlled substances in May 2009, and attempting to manufacture methamphetamine in November 2009 [Doc. 210, ¶¶ 41–43]. After these convictions, Defendant "expressed relief that she did not go to jail" and stated that "the judge gave her one more chance" [*Id*. at ¶ 13].

Despite this second chance, Defendant's involvement with illicit drugs increased. From 2014 to 2015, she participated in a large-scale methamphetamine conspiracy [*Id*. at ¶ 12]. Defendant's residence served "as a base of operations" for her co-defendant "to distribute methamphetamine and collect drug debts" [*Id*. at ¶ 13]. She stipulated that, from April 2014 to September 2015, she conspired to distribute and possess with intent to distribute at least 1.5 kilograms but less than 4.5 kilograms of methamphetamine [*Id*. at ¶ 22]. Considering Defendant's disregard for second chances, the escalation of her involvement in drug trafficking, and the extent of her involvement in such a large-scale methamphetamine conspiracy, the nature and circumstances of the offense and Defendant's history and characteristics weigh heavily against a sentence reduction.

Moreover, a sentence reduction would thwart the need to avoid unwarranted sentence disparities among comparable defendants. Based upon a total offense level of 37 and a criminal history category of VI, Defendant's guideline range was 360 months to life [*Id*. at ¶ 72]. But due to her criminal history, Defendant faced a mandatory minimum term of life imprisonment without release [*Id*. at ¶ 71]. Defendant ultimately received a 210-month sentence, below the mandatory minimum and below the guideline range, solely due to the Government's motion for downward departure [*See* Doc. 479]. To date, she has only served fifty percent of that sentence.

5

"[C]ourts have generally granted compassionate release only to defendants who have served a significant portion of their sentences." *United States v. Kincaid*, No. 3:10-CR-00160-1- at *13 (E.D. Tenn. Oct. 29, 2019) (citations omitted), *aff'd*, 802 F. App'x 187 (6th Cir. 2020). The 105 months Defendant has served thus far does not rise to the level of a *significant* portion of her 210-month sentence. Additionally, a sentence reduction at this time would depreciate the seriousness of the offense, would not promote respect for the law, and would not provide just punishment.

Thus, although Defendant has demonstrated extraordinary and compelling reasons for compassionate release, the requested sentence reduction would be inconsistent with the relevant Section 3553(a) factors.

## IV. CONCLUSION

Accordingly, Defendant's Motion for Compassionate Release [Doc. 605] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge